■ In the Matter of MK Link Investment Partnership, Respondent, and Levine Investments, L.P., Petitioner, v WSW Capital, Inc., et al., Respondents, and CSAM Capital, Inc., as Successor in Interest to WSW Capital, Inc., Appellant. [946 NYS2d 474]—

Order and judgment (one paper), Supreme Court, New York County (Harold G. Leventhal, Special Ref.), entered December 1, 2010, which, to the extent appealed from, permitted a double recovery, unanimously reversed, on the law, with costs, and so much of the order and judgment as permits petitioner MK Link to retain its capital account at respondent CSAM in addition to receiving a new strip of securities, vacated.

The arbitral award, which was confirmed without modification in 2006, states that MK Link's 1996 Fund "limited partnership capital account position shall be effected for the full 13-year term of the . . . Fund, *without calculation of any participation in the Master Fund*" (emphasis added). The Special Referee's decision, which permitted petitioner MK Link to retain its capital account (i.e., its participation in the Master Fund) at respondent CSAM in addition to receiving a new strip of securities, impermissibly modified the arbitral award (*see* CPLR 7511 [c]) and violated the rule against double recoveries (*see e.g. Dabbah Sec. Corp. v Croesus Capital Corp.*, 297 AD2d 531, 534 [2002]). MK Link contends that the award of its capital account compensated it for the damages caused by CSAM's delay in complying with the arbitral award. However, the Special Referee specifically denied MK Link's requests for consequential damages and interest. Concur—Sweeny, J.P., Catterson, Acosta, Freedman and Román, JJ.